IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BISCAYNE BAY PILOTS, INC.,

      Petitioner,

v.

FLORIDA CARIBBEAN-CRUISE
ASSOCIATION,

      Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2033

Opinion filed November 9, 2015.

Petition for Writ of Prohibition.

Donna E. Blanton of Radey Law Firm, Tallahassee; Robert Peltz of The Peltz Law Firm, Miami, for Petitioner.

Thomas F. Panza of Panza, Maurer & Maynard, P.A., Fort Lauderdale, for Respondent.

PER CURIAM.

      Biscayne Bay Pilots, Inc. (BBP) petitions this Court for a writ of prohibition,

seeking review of the orders entered by Commissioners Thomas Burke and Enrique

Miguez of the Pilotage Rate Review Committee (the Committee) denying BBP's motion to disqualify them from participating in the proceedings initiated by Florida Caribbean-Cruise Association (FCCA) to reduce pilotage rates for PortMiami. Because the motion for disqualification was legally sufficient and should have been granted, we grant the petition for writ of prohibition and quash the orders denying the motion.

FCCA, a not-for-profit organization comprised of fifteen member cruise lines, filed an application with the Committee seeking a reduction in pilotage rates for PortMiami. Pursuant to section 120.655, Florida Statutes, BBP filed a motion to disqualify Commissioners Burke and Miguez from serving on the Committee because Burke and Miguez are senior executives of Carnival Cruise Lines and Royal Caribbean, which are members of FCCA. BBP asserted that it had a well-founded fear that it would not receive a fair and impartial hearing, that it was reasonable to assume that the Commissioners would have prejudged FCCA's application, and that it was reasonable to assume that the Commissioners were prepared to vote in favor of the rate reduction. At the hearing on FCCA's application, the Committee and Commissioners Burke and Miguez orally denied the motion for disqualification. The Committee reduced its denial to writing and BBP sought review of the order via a writ of prohibition filed in this Court. Biscayne Bay Pilots, Inc. v. Fla. Caribbean-Cruise Ass'n, 160 So. 3d 559 (Fla. 1st DCA 2015) (Biscayne Bay Pilots I).

In Biscayne Bay Pilots I, this Court concluded that the Committee properly

denied the motion for disqualification because it did not have the authority to disqualify individual members of the Committee. Id. at 563. We also held that we did not have jurisdiction to review Commissioners Burke's and Miguez's denial of the motion because their rulings were not reduced to writing. Id. at 563-64. After the issuance of the opinion in Biscayne Bay Pilots I, Commissioners Burke and Miguez filed written orders denying the motion for disqualification. BBP, by way of a writ of prohibition, seeks review of those orders.

A petition for writ of prohibition seeking review of an order denying a motion for disqualification pursuant to section 120.655 is reviewed de novo. Charlotte Cnty. v. IMC-Phosphates Co., 824 So. 2d 298, 299-300 n.1 (Fla. 1st DCA 2002). If the motion for disqualification alleges sufficient facts to cause a reasonably prudent person to fear that they would not obtain a fair and impartial hearing, the motion should be granted. Id. at 300. While FCCA is the named party in the rate-reduction application, its member cruise lines, including Burke's and Miguez's employers, are the de facto parties. Biscayne Bay Pilots I, 160 So. 3d at 560 n2. (explaining that "section 310.151(2), Florida Statutes, only allows groups whose 'substantial interests are directly affected by the rates set by the committee' to apply for a rate change"). Thus, BBP's motion for disqualification should have been granted because "a reasonably prudent person would fear that he or she would not obtain a fair and impartial proceeding before Committee members who are senior executives of the *de facto* parties that initiated the proceeding and whose rate change application

3

is awaiting the Commissioners' decision." <u>Port Everglades Pilot Ass'n v. Fla.-Caribbean Cruise Ass'n</u>, 170 So. 3d 952, 956-57 (Fla. 1st DCA 2015).

We, therefore, GRANT the petition for prohibition, QUASH the orders of Commissioners Burke and Miguez denying the motion for disqualification, and remand with directions that the motion be granted.

THOMAS and ROWE, JJ., CONCUR; LEWIS, J., CONCURS WITH OPINION.

.

LEWIS, J., concurring.

I fully concur with granting the petition for writ of prohibition and write only to note that this case is controlled by our decision in Port Everglades Pilots Association v. Florida-Caribbean Cruise Association, 170 So. 3d 952 (Fla. 1st DCA 2015). There, FCCA filed an application for a reduction in pilotage rates charged to passenger vessels calling on Port Everglades. Id. at 954. Pursuant to section 120.665, Florida Statutes, Port Everglades Pilots Association ("PEPA") filed a motion to disqualify Commissioners Burke and Miguez from serving on the Committee in the proceedings on FCCA's application because they were senior executives of two of the largest member cruise lines of FCCA. Id. The Committee and Commissioners Burke and Miguez entered written orders denying the motion for disqualification. Id. at 955. In ruling on PEPA's petition for writ of prohibition seeking review of the Commissioners' orders, we explained that the basis for the motion to disqualify was the Commissioners' employment by the FCCA's member cruise lines who were the *de facto* parties to the proceeding and held that the motion was legally sufficient and should have been granted because "a reasonably prudent person would fear that he or she would not obtain a fair and impartial proceeding before Committee members who are senior executives of the *de facto* parties that initiated the proceeding and whose rate change application is awaiting the Commissioners' decision." Id. at 956-57. The same is true in the case now before us, requiring the granting of BBP's petition.

5